Green, J.
delivered the opinion of the court.
This is an action upon an award. ’The plaintiff’s declaration alledges, that certain differences existed between the plaintiff and defendant; and that they mutually submitted to the award of Levy Lacy, John Sharp, and Isaac C. Petree, to be *60 made between them, of and concerning the said differences; whose award they agreed to observe and perform: and the said arbitrators made, in writing, an award between the parties, by which it was adjudged that Smith should pay to Crosswhite $163 18f, yet said Smith refused to pay said sum. To this declaration the defendant pleaded:
1st. That he never did make such a submission as that set out in the declaration.
2nd. That no full, final and legal award was made.
On the trial the plaintiff obtained a verdict and judgment, and the defendant appealed to this court.
The bill of exceptions shows, that the only evidence of a submission which was before the jury, was a copy of an order of the Circuit Court of Campbell county, made at its Januaiy term, 1841, in two cases then depending in said court between these parties: in the one Smith was plaintiff and Cross white defendant, and in the other Crosswhite was plaintiff and Smith was defendant, which order is as follows:
“This day came the parties in proper person into court, and agree that the matter in controversy and dispute in these two suits be referred to the arbitrament and final award of Levi Lacy, John Sharp, and Isaac C. Petree, or that of a majority of them, whose award, to be returned to our next Circuit Court, is to be made the judgment of the court in these two causes.”
In pursuance of the submission the arbitrators made the following award:
“Whereas, by an order of the Circuit Court of Campbell county, at the January term, 1841, certain cases therein depending between James Smith and Wm. Crosswhite was referred to us to be arbitrated and decided, and in compliance with said order, and at the request of said parties, we have met at the house of John Sharp, on the first Monday in May, 1841, to perform the duties assigned us, and after hearing the allegations and proof of the parties, both being present, and fully considering, and well undsrstanding the matter submitted to us, do decide and award, that James Smith pay William Cross-white one hundred and fifty-three dollars eighteen and three-fourth cents, and that said Smith pay the costs of his suit, and *61 Crosswbite the costs of his suit; the parties jointly, Jantes Smith and William Crosswhite, pay the costs of the arbitrators. We the arbitrators served five days at two dollars per day each.
I. C. Petk.ee, [Seal.]
JohN ShaRP, [Seal.]
Levi Lacy, [Seal.]”
This award was returned to court at January term, 1842, and on exceptions being taken thereto, was set aside. Whereupon this suit was brought. Upon these facts several questions now arise and have been debated here.
1. Does the evidence show, that such submission as the one set out in the declaration was made by the parties?.
We think it does not. The variance between the submission stated in the declaration and that offered in the evidence is very material. By the submission proved, the parties agreed that all matters in dispute in the two suits then pending should be submitted to the decision of the arbitrators, and that their award should be the judgment of the court. In the declaration it is alledged, that certain differences existed between the parties, and to put an end to said differences, it was agreed to submit them to the award of the arbitrators, and that the defendant, Smith, undertook to observe and perform the award.
The submission proved, was made of record, by order of the court, and stipulates that the award is to be the judgment of the court; the design being to put an end to those suits, and prevent further litigation. But according to the submission stated in the declaration, a right of action only would exist to enforce the award. Instead of putting an end to litigation, it would only increase it. We think, therefore, there is a fatal variance between the declaration and the evidence in the cause, and that no recovery can be had in an independent suit upon the submission and award set out in the record. Crosswhite should have insisted on his award in the suits in which it was made; and when it was set aside, exception should have been taken, setting out the award, and making it part of the record.
Reverse the judgment, and remand the cause to the Circuit Court of Campbell county for another trial to be had therein.